701 F.2d 976
 226 U.S.App.D.C. 240, 1983 O.S.H.D. (CCH) P 26,458
 Glen MUNSEY, Petitioner,
v.
FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION, Respondent.
SMITTY BAKER COAL COMPANY, INC. and Ralph Baker, Petitioners,
v.
FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION, Respondent,
Glen Munsey, Intervenor.
 Nos. 82-1079, 82-1084.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Feb. 4, 1983.
Decided March 11, 1983.
 
 Petitions for Review of an Order of the Federal Mine Safety and Health Review Commission.
 Steven B. Jacobson, Washington, D.C., for Glen Munsey, petitioner in No. 82-1079 and intervenor in No. 82-1084.
 J. Edward Ingram, Knoxville, Tenn., for Smitty Baker Coal Co., Inc. et al., petitioners in No. 82-1084.
 James A. Lastowka, Gen. Counsel, Federal Mine Safety and Health Review Com'n, Washington, D.C., was on the statement in lieu of brief for respondent. Palma R. Yanni, Atty., Federal Mine Safety and Health Review Com'n, Washington, D.C., entered an appearance for respondent.
 Before WRIGHT and BORK, Circuit Judges, and McGOWAN, Senior Circuit Judge.
 Opinion for the court PER CURIAM.
 
 PER CURIAM:
 
 1
 This case has twice before been heard by this court. See Munsey v. Morton, 507 F.2d 1202 (D.C.Cir.1974); Munsey v. Federal Mine Safety & Health Review Comm'n, 595 F.2d 735 (D.C.Cir.1978). The opinions issued on those prior occasions fully set forth the factual background of this case and underscore the urgent need to bring this litigation to an end.
 
 
 2
 This court, with one exception noted below, upholds the determinations of the Federal Mine Safety and Health Review Commission, generally for the reasons set forth in the findings of the Administrative Law Judge adopted by the Commission. See 3 Joint Appendix (JA) 1665-1682, 1716.
 
 
 3
 We reverse the determination of the Commission that petitioner Munsey cannot be awarded any costs or attorney fees for the period during which he received free representation by staff counsel of his union. The ALJ recognized that under the Federal Coal Mine Health and Safety Act, 30 U.S.C. Sec. 820(b)(2) (1976), successful petitioners are entitled to recover their attorney fees and that under such authority fees have been awarded to attorneys in private practice, private legal services organizations, and public interest law firms. However, he saw nothing "to justify the extension of the right to recover fees or expenses under such circumstances to unions or collective bargaining agents." 3 JA at 1679.
 
 
 4
 The ALJ is incorrect. This circuit has recognized that unions and union attorneys are entitled to costs and attorney fees for representation of union members. Nat'l Treasury Employees Union v. U.S. Dep't of the Treasury, 656 F.2d 848 (D.C.Cir.1981). If attorney fees are awarded to the union itself rather than its attorney, the union can only recoup the expenses it incurred in supplying services to the client; above-cost fees to the union itself would be inappropriate. Id. at 853. If attorney fees are awarded to the attorney alone (and not for the union's general treasury), the attorney is entitled to receive the market value of the services rendered. The mere fact that an attorney is a salaried employee of the union should not affect the size of the fee to which he is entitled. Id. at 850. "Reasonableness, in terms of market value of the services rendered, is the sole limit on fee awards to organizationally-hired lawyers when the fees are to be paid to the lawyers alone." Id. at 852-853.
 
 
 5
 On remand, the Commission should determine the amount to be awarded in accordance with the standards set forth in Nat'l Treasury Employees Union v. U.S. Dep't of the Treasury, supra.[1]
 
 
 6
 Affirmed in part and reversed and remanded in part.
 
 
 
 [1]
 We note that in past cases we have required salaried attorneys recovering the market value of their services from defendants to reimburse their employers for the kinds of expenses the employers incurred that would normally be included in an attorney's fee, including the salaries of the lawyers and their adjunct staff. See Wilderness Society v. Morton, 495 F.2d 1026, 1037 (D.C.Cir.1974) (en banc), rev'd on other grounds sub nom. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In this case, however, Munsey's attorney represented at oral argument that he and the union had agreed to allow him to collect the full fee without reimbursement of the union's expenses. On the strength of this representation, we direct that all fees go to the attorney himself